Nicholas J. Ferraro, WSBA# 59674
Email: nick@ferrarovega.com
FERRARO VEGA EMPLOYMENT LAWYERS
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855

THE HON. REBECCA L. PENNELL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH BARAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RIVER POINT FARMS, LLC, a Delaware limited liability company,<br><br>Defendant. | NO. 4:25-cv-05115-RLP<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF ACTION

Plaintiff Elizabeth Barak ("Plaintiff"), individually and on behalf of all individuals currently or formerly employed by any River Point Farms, LLC ("Defendant")/entities owned by and/or operated by Defendant in Washington state at anytime within the class period, in hourly-paid positions, brings this action for money damages and statutory penalties for violations of Washington's Industrial Welfare Act ("IWA"), RCW 49.12, Minimum Wage Act ("MWA"), RCW 49.46, Wage Payment Act ("WPA"), RCW 49.48 and Wage Rebate Act ("WRA"), RCW 49.52.

## I. INTRODUCTION

1.1 Plaintiff and Class members are current and former non-exempt employees who have been employed by Defendant and who have been wronged by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and all other similarly situated employees.

1.2 Defendant has also engaged in a common practice of not paying Plaintiff and Class members for all regular and overtime hours worked.

1.3 Defendant has engaged in a systematic policy and practice of denying rest breaks and meal breaks—and thereby wages—to its non-exempt employees.

1.4 Defendant has failed to compensate its employees for missed rest breaks and time worked during purported meal breaks.

1.5 Defendant's violations of state law have been willful.

## II. JURISDICTION & VENUE

2.1 Defendant removed this case to federal court from state court. Plaintiff reserves the right to challenge jurisdiction through a motion to remand in due course.

## III. PARTIES

3.1 Plaintiff Elizabeth Barak. Plaintiff Elizabeth Barak is an individual over



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

18 years of age who works for Defendant in Washington as a non-exempt employee from approximately December 2021 to present. Plaintiff works as a Senior Customer Service Representative.

3.2 Defendant River Point Farms, LLC. Defendant River Point Farms, LLC is a Delaware limited liability company that maintains operations and conducts business throughout the State of Washington and the northwest, including in Benton County. Defendant employed Plaintiff and proposed Class members during the relevant period as set forth below. Defendant is the northwest's largest producer and distributor of onions; they are a subsidiary AgReserves a parent company based in Salt Lake City, Utah.

## IV. CLASS ACTION ALLEGATIONS

4.1 Plaintiff seeks to represent all individuals employed by any River Point Farms LLC/entities owned and/or operated by Defendant in Washington State at any time after within the three year period preceding the date of this complaint through the date of class certification, in hourly-paid positions.

4.2 This action is properly maintainable as a class action under CR 23(a) and (b)(3) and the Federal Rules of Civil Procedure.

4.3 It is impracticable to join all of the members of the class as defined herein as named plaintiffs. See *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 520 (2018) ("As a general rule, joinder is impracticable where a class contains at least 40 members.")

4.4 There are common questions of law and fact among Plaintiff and members of the putative class including, but not limited to:

(1) whether Defendant required Plaintiff and members of the putative class to work greater than three consecutive hours without a rest period;

(2) whether Defendant failed to ensure Plaintiff and members of the



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked;

(3) whether Defendant was required to compensate Plaintiff and members of the putative class for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period or when it failed to ensure Plaintiff and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked;

(4) whether Defendant failed to compensate Plaintiff and members of the putative class for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period or when it failed to ensure Plaintiff and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked;

(5) whether Defendant failed to provide Plaintiff and members of the putative class a meal period of at least thirty minutes that commenced no less than two hours and no more than five hours from the beginning of their shifts;

(6) whether Plaintiff and members of the putative class, at times, worked greater than five consecutive hours without a meal period;

(7) whether Defendant was required to compensate Plaintiff and members of the putative class for an additional thirty minutes of work for each instance it failed to provide Plaintiff and members of the putative class a meal period of at least thirty minutes that commenced no less than two hours and no more than five hours from the beginning of their shifts or required them to work greater than five consecutive hours without a meal



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

period;

(8) whether Defendant failed to compensate Plaintiff and members of the putative class for an additional thirty minutes of work for each instance it failed to provide Plaintiff and members of the putative class a meal period of at least thirty minutes that commenced no less than two hours and no more than five hours from the beginning of their shifts or required them to work greater than five consecutive hours without a meal period;

(9) whether Defendant failed to pay Plaintiff and members of the putative class one and one-half their regular rate of pay for all hours over forty in a workweek, inclusive of the additional time to compensate for meal and rest periods not provided in compliance with Washington law; and

(10) whether Defendant acted willfully and with the intent of depriving Plaintiff and members of the putative class of wages or other compensation.

4.5 The named Plaintiff's claims are typical of the claims of all class members and of Defendant's anticipated defenses thereto.

4.6 The named Plaintiff and their counsel will fairly and adequately protect the interests of the class as required by statute.

4.7 Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Common Course of Conduct: Failure to Pay for All Hours of Work. Defendant has engaged in a common course of failing to pay minimum wages to Ms. Barak and the Class members for all hours worked.



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

5.2 Specifically, Defendant failed to pay Ms. Barak and the class members for the time spent on-call, including when they took calls while they were off-the-clock, resulting in unpaid hours worked.

5.3 Additionally, due to Defendant's auto-deduct meal period policy discussed herein, each time Ms. Barak experienced a missed meal period, 30 minutes were nonetheless automatically deducted from her hours, and this resulted in unpaid hours worked.

According to company timecard records (Exhibit 1), Ms. Barak was not granted a meal period for most of the current year. Ms. Barak's regular scheduled shift is Monday-Friday 7:00am-3:30pm. Per company provided time records from January 27, 2025, through June 5, 2025, Ms. Barak was granted 4 meal periods during this time. January 30, January 31, May 6 and May 13, 2025. Ex 1. On all other days worked, starting pay period Monday February 3, 2025, Ms. Barak did not receive a meal period, yet her pay was deducted for 30 minutes on each shift worked without a meal period. For example, on February 3, 2025, Ms. Barak clocked in at 6:55am and clocked out at 3:33pm, totaling 8 hours and 38 minutes worked, however, she was paid 8 hours and 9 minutes. Ex 1. On February 4, 2025, Ms. Barak clocked in at 6:51 am and clocked out at 3:32pm totaling 8 hours and 41 minutes worked. Ms. Barak was compensated for 8 hours and 12 minutes. Ex.1. Ms. Barak's unpaid meal breaks continued throughout the year.

5.4 <u>Common Course of Conduct: Failure to Pay Overtime Compensation:</u> Defendant has engaged in a common course of willfully failing to properly compensate Ms. Barak and Class members for overtime hours worked. In Ms. Barak's case, because River Point Farms repeatedly deducted 30-minute meal breaks, even when no meal breaks were taken, the company did not compensate proper overtime wages according to her timecard and paystub in exhibit 1 and 2.



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

5.5 Defendant has engaged in a common course of conduct of willfully failing to pay Plaintiff and Class members time and one half for all work beyond forty (40) hours per week.

5.6 Due to Defendant's off-the-clock work requirement, Plaintiff was not compensated for all hours worked in excess of forty (40) hours per week. For example, Ms. Barak was expected to be on-call 24/7 and accomplish work from home when she was not at the office.

5.7 Common Course of Conduct: Failure to Provide Meal Breaks. Defendant has engaged in a common course of failing to provide Plaintiff and Class members with a thirty-minute meal break for every five hours of work.

5.8 Defendant has engaged in a common course of requiring or permitting Plaintiff and Class members to work more than five consecutive hours without a meal break.

5.9 Defendant has engaged in a common course of failing to ensure Plaintiff and Class members have taken the meal breaks to which they are entitled. See 5.3.

5.10 Plaintiff and Class members were not provided adequate staffing and coverage to take proper meal breaks and routinely had to eat while continuing to work.

5.11 Defendant routinely and as a matter of official or unofficial policy and custom required, suffered, or permitted its non-exempt employees to work through their required meal periods without compensation as required by Washington law. *See Androckitis v. Virginia Mason Med. Ctr.*, 2024 Wash. App. LEXIS 1982, at *31 (Wash. Ct. App. Sept. 30, 2024) Here, the trial court determined that damages in an amount equal to 30 minutes of wages was an adequate remedy for Virginia Mason's deprivation of the plaintiffs' right to have the respite of a 30-minute meal period. The trial court did not thereby abuse its discretion . . . we have repeatedly recognized that measuring a remedy as the value of wages for the period of time spent working—rather than



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

resting—during a meal or rest period is appropriate. The trial court's determination that payment of 30 minutes of wages for a deprivation of the right to have a 30-minute meal period reflects that the trial court measured the remedy according to the value attributed by Virginia Mason to the wages for that amount of work by the plaintiffs. This was reasonable. Thus, there was no error.”).

5.12 Plaintiff’s time records show she often worked straight through her shifts without 30-minute meal breaks; however, 30-minutes were nonetheless deducted from her hours on the days she did not receive a compliant meal period. Ex 1.

5.13 As stated above, Ms. Barak worked most days without a meal period.

5.14 Plaintiff’s wage statement that includes February 2 and 3, 2025 does not reflect a meal period premium paid.

5.15 Defendant has engaged in a common course of failing to provide Plaintiff and Class members with thirty minutes of additional pay for each missed meal break, resulting in unpaid minimum wage and overtime.

5.16 <u>Common Course of Conduct: Failure to Provide Rest Breaks</u>. Defendant has engaged in a common course of failing to provide Ms. Barak and Class members with a paid ten-minute rest break for every four hours of work.

5.17 Defendant has engaged in a common course of requiring or permitting Ms. Barak and Class members to work more than three consecutive hours without a rest break.

5.18 Ms. Barak and Class members on average worked shifts ranging from eight to ten hours and Defendant did not provide or ensure that they received the rest breaks to which they were entitled because Defendant required Ms. Barak and Class members to be available to customers and inadequately staffed coverage for rest breaks.



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

5.19 Defendant has engaged in a common course of failing to provide Ms. Barak and Class members with ten minutes of additional pay for each missed rest break, resulting in unpaid minimum wage and overtime.

5.20 Common Course of Conduct: Failure to Maintain and Provide Accurate Wage Statements. Defendant has engaged in a common course of failing to keep true and accurate time records for all hours worked by Ms. Barak and Class members.

5.21 As a result of Defendant's common course of failing to provide proper rest and meal breaks to Ms. Barak and class members, Defendant has also failed to maintain accurate records of hours worked by Ms. Barak and Class members.

5.22 Defendant has engaged in a common course of failing to provide proper payroll documents to Ms. Barak and Class members.

5.23 Defendant has actual or constructive knowledge of the foregoing facts.

## VI. FIRST CLAIM FOR RELIEF

**(Minimum Wage Act Violations: RCW 49.46 *et seq*.)**

***On Behalf of Plaintiff and the Class***

6.1 Plaintiff and the Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq*.

6.3 RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act], shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

6.4 Defendant has failed to pay wages to Plaintiff and Class members for



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

missed rest and meal breaks, and work performed off the clock.

6.5 Defendant has failed to timely pay all wages owed to Plaintiff and Class members at regular pay intervals pursuant to RCW 49.46 *et seq*. and WAC 296-126-023.

6.6 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.020, RCW 49.46.090, RCW 49.46.120, RCW 49.46.130, and WAC 296-126-023.

6.7 As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.46.090.

## VII. SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages: RCW 49.46.130)

***On Behalf of Plaintiff and the Class***

7.1 Plaintiff and the Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than forty hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he or she is employed.

7.3 Defendant failed to pay the required overtime rate to Plaintiff and Class members during the class period.

7.4 Defendant failed to pay Plaintiff and Class members for all time worked.

7.5 By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and RCW 49.46.130 by failing to pay all wages earned to Plaintiff and Class



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

members for some of the time they worked, including but not limited to work they performed in excess of forty hours per week.

7.6 By the actions alleged above, Defendant violated the provisions of RCW 49.46 *et seq*.

7.7 As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46 are entitled to recover such amounts, including interest thereon, and attorneys' fees and costs.

## VIII. THIRD CLAIM FOR RELIEF

**(Meal Period Violations: RCW 49.12.020 and WAC 296-126-092)**

***On Behalf of Plaintiff and the Class***

8.1 Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

8.2 The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, requires employers to provide thirty-minute meal periods to their employees for work shifts greater than five hours in length and prohibits employees from working more than five consecutive hours without a meal period.

8.3 Employees have a cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

8.4 A meal period violation is a wage violation with employees entitled to thirty minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018), citing *Hill v. Garda CL Nw., Inc.*, 198 Wn.App 326, 361 (2017).



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

8.5 Defendant violated the IWA and its implementing regulation by failing to provide Plaintiff and members of the putative class with compliant first and second thirty-minute meal periods and by creating work schedules, staffing levels and conditions of work that discouraged compliant meal periods.

8.6 Defendant violated the MWA and WPA when it failed to compensate Plaintiff and members of the putative class for thirty minutes of work for each instance a meal period was not provided in compliance with the IWA.

8.7 As a result of Defendant's acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

## IX. FOURTH CLAIM FOR RELIEF

**(Rest Break Violations: RCW 49.12.020 and WAC 296-126-092)**

***On Behalf of Plaintiff and the Class***

9.1 Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

9.3 WAC 296-126-092 establishes employees shall be allowed paid rest breaks during their shifts.

9.4 Under Washington law, Defendant must provide employees with the rest periods to which they are entitled.

9.5 Failure to do so results in an employer's duty to pay employees ten minutes of additional pay for each missed rest break.

9.6 Defendant violated the provisions of RCW 49.12.020 and WAC 296-126-092 and further violated the WMWA by not paying Plaintiff and Class members for



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

missed rest breaks.

9.7 As a result of the unlawful acts of Defendant, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and Class members are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

## X. FIFTH CLAIM FOR RELIEF

### (Unpaid Wages on Termination: RCW 49.48 *et seq.*)

***On Behalf of Plaintiff and the Class***

10.1 Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

10.3 Defendant failed to pay Plaintiff and the Class all wages due, and at the end of the established pay period, at the end of their employment. This includes, but is not limited to, failing to pay Plaintiff and Class members for all wages earned in the final pay period, failing to pay Plaintiff and Class members for all wages earned in prior pay periods, and failure to pay Plaintiff and Class members their final paycheck at the end of the established pay period.

10.4 By the actions alleged above, Defendant violated the provisions of RCW 49.48.010. As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial. Pursuant to RCW 49.48.030 are entitled to recover of such amounts, including interest thereon, attorneys' fees, and costs.



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

## XI. SIXTH CLAIM FOR RELIEF

**(Willful Refusal to Pay Wages: RCW 49.52.050)**

***On Behalf of Plaintiff and the Class***

11.1 Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

11.3 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

11.4 The alleged unlawful actions by Defendant against Plaintiff and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of part of their wages.

11.5 As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

11.6 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own and on behalf of the members of the Class, prays for judgment against Defendant, as follows:

A. Certify the proposed Class;



Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

B. Appoint Plaintiff as representative of the Class;

C. Appoint the undersigned attorneys as counsel for the Class;

D. Award compensatory, liquidated, and exemplary damages to Plaintiff and Class members for violation of state wage and hour laws, in amounts to be proven at trial;

E. Award Plaintiff and Class members their attorneys' fees and costs, as allowed by law;

F. Award Plaintiff and Class members prejudgment and post-judgment interest, as provided by law;

G. Permit Plaintiff and Class members leave to amend the complaint to conform to the evidence presented at trial; and

H. Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 10th day of October, 2025.

**FERRARO VEGA EMPLOYMENT LAWYERS, INC.**

By: */s/ Nicholas J. Ferraro*
Nicholas J. Ferraro, WSBA No. 59674
Email: nick@ferrarovega.com
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855

*Attorneys for Plaintiff*

# Exhibit 1

**Barak, Elly** | Requested by **Barak, Elly**

1/27/2025 - 4/27/2025 6/05/2025 12:34 PM

## Timecard

| Date | Schedule | Absence | In | Out | Transfer | In | Out | Transfer | Pay Code | Amount | Shift |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon ... | 7:00 AM - 3:30 PM | | 6:52 ... | 4:00 ... | | | | | | | 8:39 |
| Tue 1... | 7:00 AM - 3:30 PM | | 6:51 ... | 4:00 ... | | | | | | | 8:39 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:49 ... | 4:00 ... | | | | | | | 8:42 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:59 ... | 11:00... | | 12:30... | 4:01 ... | | | | 7:33 |
| Fri 1/... | 7:00 AM - 3:30 PM | | 6:57 ... | 11:43... | | 12:13... | 3:36 ... | | | | 8:09 |
| Sat 2... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:55 ... | 3:33 ... | | | | | | | 8:09 |
| Tue 2... | 7:00 AM - 3:30 PM | | 6:51 ... | 3:32 ... | | | | | | | 8:12 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:56 ... | 3:35 ... | | | | | | | 8:09 |
| Thu ... | 7:00 AM - 9:00 AM | | 6:55 ... | 8:58 ... | | | | | | | 2:03 |
| | | | 9:00 ... | | | | | | Sick | 6:00 | |
| | 3:00 PM - 3:30 PM | | | | | | | | | | |
| Fri 2/... | | | 7:00 ... | | | | | | Sick | 8:00 | |
| Sat 2... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 7:01 ... | 3:33 ... | | | | | | | 8:03 |
| Tue 2... | 7:00 AM - 3:30 PM | | 6:51 ... | 3:30 ... | | | | | | | 8:09 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:59 ... | 3:41 ... | | | | | | | 8:12 |
| Thu ... | 7:00 AM - 3:30 PM | | | | | | | | | | |
| | | | 8:00 ... | | | | | | Vacation | 8:00 | |
| Fri 2/... | 7:00 AM - 3:30 PM | | | | | | | | | | |
| | | | 8:00 ... | | | | | | Vacation | 8:00 | |
| Sat 2... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | | | | | | | | | |
| | | | | | | | | | Preside... | 8:00 | |
| Tue 2... | 7:00 AM - 3:30 PM | | 6:49 ... | 3:32 ... | | | | | | | 8:15 |

| Date | Schedule | Absence | In | Out | Transfer | In | Out | Transfer | Pay Code | Amount | Shift |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wed ... | 7:00 AM - 3:30 PM | | 6:54 ... | 3:33 ... | | | | | | | 8:09 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:55 ... | 3:32 ... | | | | | | | 8:09 |
| Fri 2/... | 7:00 AM - 3:30 PM | | 6:54 ... | 3:32 ... | | | | | | | 8:09 |
| Sat 2... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:46 ... | 3:33 ... | | | | | | | 8:18 |
| Tue 2... | 7:00 AM - 3:30 PM | | 6:53 ... | 3:31 ... | | | | | | | 8:09 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:57 ... | 3:32 ... | | | | | | | 8:06 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:58 ... | 3:31 ... | | | | | | | 8:03 |
| Fri 2/... | 7:00 AM - 3:30 PM | | 6:56 ... | 3:32 ... | | | | | | | 8:06 |
| Sat 3... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:55 ... | 12:29... | | | | | | | 5:36 |
| Tue 3... | 7:00 AM - 11:30 AM | | 6:52 ... | 11:30... | | | | | | | 4:39 |
| | | | 11:30... | | | | | | Sick | 4:30 | |
| Wed ... | 7:00 AM - 3:30 PM | | 6:56 ... | 4:01 ... | | | | | | | 8:36 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:36 ... | 3:41 ... | | | | | | | 8:36 |
| Fri 3/... | 7:00 AM - 3:30 PM | | 7:00 ... | 3:59 ... | | | | | | | 8:30 |
| Sat 3... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 8:16 AM | | 6:24 ... | 8:16 ... | | | | | | | 1:54 |
| | | | 8:16 ... | | | | | | Sick | 3:48 | |
| | 12:06 PM - 3:30 PM | | 11:54... | 4:00 ... | | | | | | | 4:06 |
| Tue 3... | 7:00 AM - 3:30 PM | | 5:35 ... | 6:15 ... | | | | | | | 0:42 |
| | | | 10:13... | 3:39 ... | | | | | | | 5:27 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:58 ... | 3:52 ... | | | | | | | 8:24 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:54 ... | 3:40 ... | | | | | | | 8:18 |
| Fri 3/... | 7:00 AM - 3:30 PM | | 6:55 ... | 3:30 ... | | | | | | | 8:06 |
| Sat 3... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:57 ... | 3:31 ... | | | | | | | 8:06 |
| Tue 3... | 7:00 AM - 3:30 PM | | 6:49 ... | 3:31 ... | | | | | | | 8:12 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:59 ... | 3:30 ... | | | | | | | 8:03 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:51 ... | 4:21 ... | | | | | | | 9:00 |
| Fri 3/... | | | 7:00 ... | | | | | | Vacation | 8:00 | |

| Date | Schedule | Absence | In | Out | Transfer | In | Out | Transfer | Pay Code | Amount | Shift |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sat 3... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:37 ... | 2:33 ... | | | | | | | 7:27 |
| Tue 3... | 7:00 AM - 3:30 PM | | 7:03 ... | 3:41 ... | | | | | | | 8:09 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:23 ... | 3:01 ... | | | | | | | 8:09 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:51 ... | 3:33 ... | | | | | | | 8:12 |
| Fri 3/... | 7:00 AM - 3:30 PM | | 6:45 ... | 3:34 ... | | | | | | | 8:21 |
| Sat 3... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:50 ... | 3:30 ... | | | | | | | 8:12 |
| Tue 4... | | | 7:00 ... | | | | | | Bereave... | 8:00 | |
| | 3:00 PM - 3:30 PM | | | | | | | | | | |
| Wed ... | | | 7:00 ... | | | | | | Bereave... | 8:00 | |
| | 3:00 PM - 3:30 PM | | | | | | | | | | |
| Thu ... | | | 7:00 ... | | | | | | Bereave... | 8:00 | |
| | 3:00 PM - 3:30 PM | | | | | | | | | | |
| Fri 4/... | | | 7:00 ... | | | | | | Bereave... | 8:00 | |
| | 3:00 PM - 3:30 PM | | | | | | | | | | |
| Sat 4... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | | | 7:00 ... | | | | | | Bereave... | 8:00 | |
| | 3:00 PM - 3:30 PM | | | | | | | | | | |
| Tue 4... | 7:00 AM - 3:30 PM | | 6:50 ... | 3:01 ... | | | | | | | 7:42 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:48 ... | 3:43 ... | | | | | | | 8:27 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:57 ... | 3:36 ... | | | | | | | 8:09 |
| Fri 4/... | 7:00 AM - 3:30 PM | | 6:46 ... | 3:32 ... | | | | | | | 8:18 |
| Sat 4... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | | | 6:56 ... | | | | | | Sick | 5:30 | |
| | | | 6:56 ... | 9:30 ... | | | | | | | 2:36 |
| | 12:26 PM - 3:30 PM | | | | | | | | | | |
| Tue 4... | 7:00 AM - 3:30 PM | | 6:57 ... | 3:35 ... | | | | | | | 8:09 |
| Wed ... | 7:00 AM - 3:30 PM | | 7:00 ... | 3:30 ... | | | | | | | 8:00 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:50 ... | 3:31 ... | | | | | | | 8:12 |
| Fri 4/... | | | 7:00 ... | | | | | | Vacation | 8:00 | |

| Date | Schedule | Absence | In | Out | Transfer | In | Out | Transfer | Pay Code | Amount | Shift |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sat 4... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |
| Mon ... | 7:00 AM - 3:30 PM | | 6:54 ... | 3:35 ... | | | | | | | 8:12 |
| Tue 4... | 7:00 AM - 3:30 PM | | 6:59 ... | 3:31 ... | | | | | | | 8:03 |
| Wed ... | 7:00 AM - 3:30 PM | | 6:53 ... | 3:32 ... | | | | | | | 8:09 |
| Thu ... | 7:00 AM - 3:30 PM | | 6:52 ... | 3:32 ... | | | | | | | 8:12 |
| Fri 4/... | 7:00 AM - 3:30 PM | | 6:59 ... | 3:49 ... | | | | | | | 8:21 |
| Sat 4... | | | | | | | | | | | |
| Sun ... | | | | | | | | | | | |

# Exhibit 2

| RIVER POINT FARMS, LLC * FEIN 81-3818110 |
|---|
| 60 E South Temple Street, Suite 1600 SALT LAKE CITY, UT 84111 |
| Telephone (801) 715-9100 |
| Receipt Number 247041 |
| Check Date 07 Mar 2025 Pay Period Start Date 24 Feb 2025 Pay Period End Date 02 Mar 2025 |
| Employee Name Barak, Elizabeth |
| Employee No. 130452 |

| WAGES | HRS/PCS | RATE | CURRENT | YTD |
|---|---|---|---|---|
| REGULAR | 40.00 | 37.49 | 1,499.60 | 0.00 |
| OVR 1.5 | 0.70 | 56.24 | 39.36 | 0.00 |
| BGTL | | | | 2.90 |
| GFTCRD | | | | 200.00 |
| HOLIDAY | | | | 1,443.94 |
| OVR 1.5 | | | | 134.96 |
| REG HRS | | | | 2,099.16 |
| REGULAR | | | | 8,534.25 |
| SICK | | | | 524.86 |
| VACATION | | | | 899.72 |
| **TOTAL** | 40.70 | | 1,538.96 | 13,839.79 |
| TAXABLE GROSS | | | 1,395.67 | 12,492.49 |
| **DEDUCTIONS** | | | **CURRENT** | **YTD** |
| Basic Group Term Lif | | | 0.00 | 2.90 |
| DMBA Flexible Spendi | | | 57.69 | 576.90 |
| DMBA Health Pre-tax | | | 85.60 | 770.40 |
| Federal Withholding | | | 50.62 | 2,115.76 |
| Gift Card | | | 0.00 | 200.00 |
| Medicare - EE PD | | | 20.24 | 294.20 |
| OR State Withholding | | | 97.11 | 1,465.58 |
| OR Transit Tax | | | 1.40 | 20.29 |
| Social Security - EE | | | 86.53 | 1,257.94 |
| WA Worker's Comp EE | | | 3.58 | 25.14 |
| WA-Family Leave EE | | | 5.06 | 71.18 |
| WA-LT Cares Fund | | | 8.93 | 125.49 |
| WA-Medical Leave EE | | | 5.06 | 71.18 |
| TOTAL | | | 421.82 | 6,996.96 |
| **NET PAY** | | | 1,117.14 | 6,842.83 |
| **COMPANY PAID** | | | **CURRENT** | **YTD** |
| DMBA Retirement Plus - CO PD | | | 123.12 | 1,730.94 |
| WA-Medical Leave ER | | | 4.03 | 56.71 |

| DEPOSIT | | | | AMOUNT |
|---|---|---|---|---|
| DirDep-C ACCT Ending In: 751 | | | | 1,117.14 |

Vacation Balance: 33.2305 Sick Leave Balance: 67.2600

## CERTIFICATE OF SERVICE

I certify that on October 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generates a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED: October 10, 2025

*s/ Liana Jackson*
Liana Jackson